```
                UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------------
WILMA WEISBEIN                    >    Civ. Action No.
                                  >
    vs.                           >
                                  >
THE SCHOOL DISTRICT OF            >
PHILADELPHIA                      >
------------------------------------------------------------------
```

## COMPLAINT

The plaintiff by his counsel, Samuel A. Dion, Esquire, states the following as his Complaint against defendant:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 2601 et seq.

## PARTIES

2. Plaintiff, Wilma Weisbein, resides in this judicial district at 96 Roy Lane, Huntingdon Valley, PA 19006.

3. The defendant, School District of Philadelphia, is a state municipality or agency, which is organized under the laws of the Commonwealth of Pennsylvania and has a principal place of business located in this judicial district at 21st and the Parkway, Philadelphia, Pennsylvania, and it owns, manages and operates public schools throughout the City of Philadelphia from Grades K through 12 including the Horatio B. Hackett School which is located at York Street and Trenton Avenue, Philadelphia, PA

19125-1698.

4.   At all times material hereto, plaintiff worked at the Horatio B. Hackett School as an elementary school teacher.

5.   Defendant is an employer under 29 U.S.C. § 2611(4)(A) because it is engaged in an industry affecting commerce and it has had fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and is covered by the Family and Medical Leave Act (hereinafter "FMLA").

## FACTS

6.   Defendant has employed plaintiff since about September 1996.  Plaintiff also worked with defendant between about 1970 and 1976.

7.   At all times material hereto, Plaintiff was an "eligible employee" under 29 U.S.C. § 2611(2)(A) in that they each worked for defendant for at least twelve (12) months and for at least 1,250 hours during the twelve (12) month period prior to her leave.

8.   At all times material hereto, plaintiff performed her duties for defendant in a most competent manner.

9.  At all times material hereto, the plaintiff's supervisor was Karen L. Laarkamp, Principal.

## THE FMLA LEAVE

10. At all times material hereto, plaintiff suffered from chronic Chrone's disease. It was well know by her supervisor Laarkamp that she suffered from this chronic condition. In fact, plaintiff took leave for approximately two weeks for a fair-up of Chrone's disease during the prior school year-- 2000-2001.

11. On February 4, 2002, plaintiff suffered a flair-up of her chronic Chrone's Disease. She took that day off with permission of her physician.

12. On March 8, 2002, plaintiff suffered a flair-up of her chronic Chrone's Disease. She took that day off with permission of her physician.

13. On May 17, 2002, plaintiff had a bowel series performed at Abington Hospital to investigate her recent flair ups of chronic Chrone's Disease. She took that day off with permission of her physician.

14. On May 21, 2002, plaintiff's physician called plaintiff to inform her that the bowel series indicated that she suffered from C. Differential a bacterial infection of the bowels.

15. Beginning on or about May 24, 2002, plaintiff went on planned leave by order of her physician due to her chronic Chrone's Disease and C. differential bowel infection. She was placed on a regimen of prescription medication and bed rest.

16. Between May 24, 2002 and June 2, 2002, plaintiff was out on approved medical leave for Chrone's Disease and C.

differential bowel infection, which qualify as "serious medical conditions" under 29 U.S.C. § 2611(11)(B) and 29 C.F.R. § 825.114(a)(3) in that said illnesses involve continuing treatment by a health care provider for a chronic or long-term health condition that is incurable or so serious that if not treated would likely result in a period of incapacity of more than three calendar days.  Plaintiff returned to work by order of her physician on June 3, 2002.

17.  Plaintiff was completely incapacitated and unable to work from May 24, 2002 through June 2, 2002, a total of 10 days. Plaintiff received treatment by a health care provider on at least one occasion which resulted in a regimen of continuing treatment under the supervision of the said health care provider.

18.  Plaintiff's medical leaves were taken pursuant to the Family and Medical Leave Act ("FMLA").  Plaintiff was entitled to take the time off under 29 U.S.C. § 2612(a)(D) and (b)(1) & (2) because of planned medical treatment for her serious medical condition.   Plaintiff's notice to defendant of the necessity for her leaves was sufficient under 29 U.S.C. § 2612(e) because she provided such notice as was practicable.  Plaintiff's FMLA leaves did not exceed 12 weeks as provided under the FMLA.

## THE DISCIPLINE

19.  On February 5, 2002, plaintiff was disciplined by Laarkamp for taking FMLA leave, as described herein below, by

being given "official warning that additional absences will lead to more severe disciplinary action". See Exhibit A hereto.

20. On June 4, 2002, one day after plaintiff returned to work, her supervisor, Karen L. Laarkamp, the school principal, wrote her up with an SEH204 for "Unsatisfactory Attendance," because she was out on FMLA leave. See Exhibit B hereto. This disciplinary action was unlawfully taken against plaintiff in retaliation for her taking FMLA leave.

21. The SEH204 described above states that plaintiff will be warned that " . . . additional absences . . . will lead to more sever disciplinary action including an unsatisfactory rating." See Exhibit B hereto.

## GENERAL ALLEGATIONS

22. Defendant illegally retaliated against and disciplined the plaintiff for taking FMLA leave.

23. At all times material hereto, defendant knew or should have known that plaintiff was out of work due to serious health conditions covered under the FMLA.

24. Defendant intentionally and willfully violated plaintiff's rights under the FMLA to take medical leave and to be free from retaliation for taking FMLA leave. Furthermore, defendant retaliated against plaintiff for exercising her rights under the FMLA.

25. At all times material hereto, defendant acted by and

through its employees and/or agents who acted within their capacity to discipline, hire and/or fire.

26. Plaintiff was unlawfully subjected to discipline and the threat of further discipline, and was caused to pay attorneys' fees and costs to prosecute this matter.

27. Accordingly, defendant and its agents violated plaintiff's rights as protected under the FMLA.

28. Other than this lawsuit, there is no other complaint pending with any administrative agency or court regarding these events.

<u>COUNT I</u>

29. Plaintiff incorporates paragraphs 1-28 as if fully rewritten herein.

30. By and through its course of conduct, defendant willfully violated the FMLA by disciplining plaintiff and threatening her with further discipline because she took leave under the FMLA.

WHEREFORE, the plaintiff prays that this Court accept jurisdiction over this matter and award judgment to Plaintiff and the following relief: (1) an Order demanding that defendant purge her employee files and records of the SEH204 issued on June 4, 2002 and all prior or subsequent documents related to the SEH204 issued to her on June 4, 2002; (2) an Order demanding that the

defendant refrain from issuing further discipline related to her FMLA leaves; (3) an Order demanding that defendant not retaliate against her for her for her FMLA leaves and/or any other prior or subsequent FMLA leaves; (4) an Order demanding that the defendant issue a memorandum to all school principals requiring them to refrain from similar actions or conduct to that which occurred in this case with respect to all employees in the future; (5) attorney's fees, costs, and expenses as provided for by applicable federal statutes; and (6) any other relief which this Court deems just and equitable.

Dated:   Philadelphia, PA
         June 7, 2002

                              Respectfully submitted,
                              DION & GOLDBERGER


                              By: _____
                              SAMUEL A. DION, ESQ.
                              1515 Locust Street, 10th Fl.
                              Philadelphia, PA 19102
                              (215) 546-6033
                              Attorney I.D. #: 55761
                              Attorney for Plaintiff